THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, v. THOMAS H. ANTHONY, Impleaded, etc., Appellant, THE NATIONAL BANK AND LOAN COMPANY, Respondent.

An order of General Term reversing an order of Special Term, which confirmed a report of a referee appointed to determine as to conflicting claims to surplus moneys arising on foreclosure sale, and ordering a new hearing before another referee, is not reviewable here. If the inquiry be considered as a special proceeding under the Code of Civil Procedure, then the order of General Term is not final and so not reviewable (subd. 3, § 190); if it be regarded as an inquiry made for the information of the court (Code of Civil Pro. § 1015), then the order is not appealable, both because it is not final and because it is discretionary.

(Submitted March 1, 1887; decided March 8, 1887.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department made April 20, 1886,

the nature of which as well as the material facts are stated in the opinion.

*John Lansing* for appellant. The order appealed from imposed costs absolutely, and not conditionally, upon the appellant, and in this respect was a final determination from which an appeal could be taken to this court. (*Bergen* v. *Carman*, 79 N. Y. 146-151; *Livingston* v. *Mildrum*, 19 id. 440, 442; *Mut. Life Ins. Co.* v. *Bowen*, 47 Barb. 618–622; *Hliess* v. *Buckley*, 90 N. Y. 286, 291; Rule 64.)

*Elon R. Brown* for respondent.

*Per Curiam.* This action was commenced to foreclose a mortgage and it proceeded to judgment and sale thereunder. The sale produced a surplus after satisfying the mortgage and several undisputed liens upon the land. The defendants, Henry C. Anthony and the National Bank and Loan Company, as judgment creditors of the mortgagor presented claims to this surplus, each claiming priority over the other. The court at Special Term appointed a referee to take proofs and determine as to the claims to the surplus; and he, after hearing the claimants, made a report in which he found that the National Bank and Loan Company was entitled to the surplus. This report was confirmed by the Special Term, and Henry C. Anthony, the other claimant, appealed from the order of the Special Term to the General Term, where that order was reversed and set aside, and a new hearing was ordered before another referee to be appointed by the Special Term, with ten dollars costs and disbursements to be paid by the National Bank and Loan Company to Henry C. Anthony. From this order of the General Term the National Bank and Loan Company has brought this appeal.

We are of opinion that the appeal to this court is unauthorized and should be dismissed. If the inquiry into the right to the surplus be regarded as a special proceeding, then the order of the General Term is not final and hence not appealable to this court. (Code, § 190, subd. 3.) If the inquiry is

to be regarded as one made for the information of the court under section 1015 of the Code, then, even if the order of the General Term affected a substantial right, it is not a final order and therefore not appealable to this court. If the reference was ordered under that section to obtain information for the court, then if the court was not satisfied with the investigation and report made by the referee, it could, in the exercise of its discretion, set aside the report and vacate the order of reference and order a further hearing before another referee; and in this view its order was discretionary and not appealable to this court.

Under the order of the General Term a new referee should be appointed and a new hearing had before him, and if either party shall then be dissatisfied with his report or any final order made by the Supreme Court thereon, an appeal may be brought to this court.

The appeal should be dismissed with costs.

All concur, except PECKHAM, J., not sitting.

Appeal dismissed.